## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHANIEL JAMES DIRVIN** | : | **CIVIL ACTION** |
| ***Individually and as parent and natural*** | : | |
| ***Guardian of P.B.D., a minor*, et al.,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No.: 24-cv-2399** |
| | : | |
| **GARRISON PROPERTY AND CASUALTY** | : | |
| **INSURANCE COMPANY,** | : | |
| **Defendant.** | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                **December 17, 2024**

Presently before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint (Mot. to Amend., ECF No. 21) and Defendant's Response in Opposition and Cross-Motion to Transfer Venue to the United States District Court for the District of New Jersey (Opp. and Cross-Mtn., ECF No. 22). Plaintiffs have not opposed Defendant's cross-motion. For the following reasons, Defendant's cross-motion is GRANTED,[1] and Plaintiffs' motion to amend is DENIED without prejudice.

---

[1]    Local Rule of Civil Procedure 7.1(c) states that if a party does not respond to a motion within 14 days after service of the motion, the court may grant the motion as uncontested. Loc. R. Civ. Pro. 7.1(c). Defendant's motion can be granted on this basis alone. *Pa. Nat'l Mut. Cas. Ins. Co. v. Univ. Prot. Serv.*, No. 23-4190, 2024 WL 3696474, at *3 (E.D. Pa. Aug. 6, 2024) ("To begin, Defendant's Motion to Transfer Venue will be granted because it is an unopposed Motion."). However, because venue transfer includes "an extensive enumeration of factors to be balanced . . . 'a written opinion setting forth the reasons for transfer [is] highly desirable.'" *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995) (citations omitted); *see also Pa. Nat'l Mut. Cas. Ins. Co.*, 2024 WL 3696474, at *3-6 (proceeding to merits consideration of unopposed motion to transfer venue); *Roudabush v. Rondo, Inc.*, No. 14-6523, 2015 WL 12844273, at *5 (E.D. Pa. Feb. 4, 2015) (noting that an uncontested motion for venue transfer should still be analyzed). Accordingly, the Court issues the instant opinion explaining its decision.

1

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On February 12, 2024, Defendant, headquartered and with a principal place of business in Texas, issued Plaintiff Dirvin, a New Jersey resident, a "NEW JERSEY STANDARD AUTO POLICY" on his automobile registered at his home address.   (NJ Auto Policy, ECF No. 1-3). On March 15, 2024, Plaintiff Dirvin, while operating his automobile in Philadelphia with Plaintiff Coppolino and their child, P.B.D., as passengers, was involved in an accident with another automobile operated by an uninsured driver, injuring Plaintiff Dirvin and P.B.D. (Compl., ECF No. 1, at ¶¶ 3-4, 12–13, 24-25; Stip., ECF No. 7, at ¶¶ 1, 6).   Plaintiffs filed this suit on June 4, 2024, asserting claims for breach of contract and bad faith based on Defendant's handling of the claim for uninsured motorist (UM) coverage made following the accident. (Compl., ECF No. 1, ¶¶ 20-23, 27-39; Stip., ECF No. 7, at ¶ 3; Answer, ECF No. 9, at ¶ 6).   On June 26, 2024, the parties stipulated to the dismissal without prejudice of Plaintiffs' bad faith claim.   (Stip., ECF No. 7, at ¶ 7).   Defendant answered the complaint on July 8, 2024.   (Ans., ECF No. 9).   On July 23, 2024, the parties consented to the jurisdiction of a magistrate judge, and the following day the case was assigned to me.   (Consent, ECF No. 14; Order, ECF No. 15).

On October 4, 2024, after conducting fact discovery, Plaintiffs moved to amend their complaint to re-assert the bad faith claim, arguing that the medical records support it.   (Mot. to Amend., ECF No. 21).   Defendant responded that amendment would be futile because the Pennsylvania bad faith statute does not apply to New Jersey residents like Plaintiffs.   (Opp. & Cross-Mot. to Transfer, ECF No. 22, at ¶ 10).   Defendant also cross-moved to transfer the case to the United States District Court for the District of New Jersey.   (*Id.* at ¶ 17).   Plaintiff has not opposed this request.   (*See generally* Dkt.).

2

## II.    LEGAL STANDARD

Transfer of venue is permitted under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Under this section, "[a]n action might have been brought in a district if: (1) venue is proper in the transferee district; and (2) the transferee district can exercise jurisdiction over all defendants."  *McKinney v. Pinter*, No. 18-4185, 2019 WL 952247, at *5 (E.D. Pa. Feb. 26, 2019) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970)).

Although "there is no definitive formula or list of the factors to consider, . . . courts have considered many variants of the private and public interests protected by the language of § 1404(a)."  *Jumara*, 55 F.3d at 879.  In considering these interests, the moving party holds the burden of justifying the transfer and the plaintiff's choice of venue is afforded "great weight."  *Provident Mut. Life Ins. Co. of Phila. v. Bickerstaff*, 818 F. Supp. 116, 119 (E.D. Pa. 1993).  Nonetheless, "there are two scenarios where the plaintiff's choice may be accorded less deference: where no operative facts occurred in the district, and where the chosen forum is not the plaintiff's residence."  *Pa. Nat'l Mut. Cas. Ins. Co.*, 2024 WL 3696474, at *3 (quoting *Duffy v. Camelback Ski Corp.*, No. 92-0589, at *1 (E.D. Pa. Jun. 23, 1992) (internal quotation marks omitted)).

In *Jumara*, the Third Circuit outlined the private and public interests often considered in determining a transfer of venue.  55 F.3d at 879–80.  Private interests include: (1) the plaintiff's choice; (2) the defendant's preference; (3) the location where the claim arose; (4) the physical and financial convenience to the parties; (5) the availability of witnesses; and (6) the availability of records.  *Id.* at 879.  The public interests include: (1) enforceability of the judgment; (2)

3

practical considerations for trial, such as ease, expeditiousness and expense; (3) court congestion

and administrability; (4) the interest in deciding local controversies in the home district; (5) the

public policy of the fora; and (6) the respective trial judges' relative familiarity with applicable

state law (for diversity cases). *Id.* at 879–80.


III.    **DISCUSSION**

Pursuant to cases construing § 1404, this Court "assess[es] whether the action could have

originally been brought in the [proposed district] and whether the interests of justice would be

better served by transfer." *Roudabush*, 2015 WL 12844273, at *5. Because the Court answers

both questions in the affirmative, this matter will be transferred to the District of New Jersey.

A.    **The Action Could Have Been Brought in the District of New Jersey**

As noted, a court considering a motion to transfer must consider whether the case could

have been brought in the transferee court, i.e., if it could exercise jurisdiction over the parties and

venue is proper there. *McKinney*, 2019 WL 952247, at *5. Here, the District of New Jersey

would have subject matter jurisdiction over the case in the same manner as this court. Diversity

jurisdiction under 28 U.S.C. § 1332(a) requires a controversy in excess of $75,000 between

citizens of different states. Plaintiffs are residents of New Jersey, Defendant is a corporation of

Texas, and the alleged damages exceed $75,000.

Further, that court would have personal jurisdiction over the parties. Plaintiffs are both

residents of New Jersey, and as for Defendant, "consenting to a transferee court means that the

party is consenting to venue and personal jurisdiction in that court." *Lockett v. Pinnacle Entm't*,

No. 19-00358-CV-W-GAF, 2019 WL 4296492, at *5 (W.D. Mo. Sept. 10, 2019) (quoting *Roehl*

*Transport, Inc. v. Kirby*, No. 15-58-GFVT, 2015 WL 7188474, at *2 (E.D. Ky. Nov. 13, 2015));

*see also Fesniak v. Equifax Mortg. Servs. LLC*, No. 14-3728 (NLH/KMW), 2015 WL 2412119, at *4 n.2 (D.N.J. May 21, 2015) (personal jurisdiction over a defendant is not required where it consents to the transferee forum) (citing *Guzzetti v. Citrix Online Holdings GmbH*, No. 12-01152 GMS, 2013 WL 124127, at *3 n.2 (D. Del. Jan. 3, 2013)).[2]

Pursuant to 28 U.S.C. § 1391(a)(2) and (b)(2), "proper venue for a civil action" includes, *inter alia*, any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2), (b)(2). This dispute arises out of an alleged breach of a New Jersey automobile insurance contract. Because the governing contract was established in New Jersey, the District of New Jersey is an appropriate forum. *See Leone v. Cataldo*, 574 F. Supp. 2d 471, 484 (E.D. Pa. 2008) ("In determining whether a substantial part of the acts giving rise to a contract claim occurred in a district, a court should consider where the contract was negotiated, executed, and performed and where the breach occurred.").

Because venue is proper in the District of New Jersey and that court would have personal jurisdiction, Plaintiffs could have filed there originally. *McKinney*, 2019 WL 952247, at *5.

---

[2] In any event, Defendant has sufficient contacts with New Jersey to establish personal jurisdiction due to the terms of the insurance contract. Courts consider a number of factors in determining whether a contract provides sufficient contacts to support personal jurisdiction, including "whether the nonresident defendant solicited, negotiated, or executed the contract in the forum state, the terms of the contract . . . , the contemplated future consequences, and whether the nonresident defendant knew or should have known" the other party was "located in the forum state." *Ryan v. Union Mut. Fir. Ins. Co.*, No. 10-4438, 2011 WL 3666492 at *3 (E.D. Pa. Aug. 15, 2011) (citing *Vertotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d. Cir. 1996)). Here, Defendant knowingly issued a New Jersey automobile insurance contract to insure an automobile registered in New Jersey to a New Jersey resident, thus establishing personal jurisdiction over it.

**B.    Interests of Justice**

**1.    Private Interests**

The Court first considers Plaintiffs' choice of this district as the forum in which to litigate their case.   Although a plaintiff's choice of forum "typically receives 'paramount consideration,'" the weight accorded to that decision is accorded less weight where, as here, "the chosen forum is not the plaintiff's residence."   *Pa. Nat'l Mut. Cas. Ins. Co.*, 2024 WL 3696474, at *3 (quoting *McAssey v. Discovery Mach. Inc.*, No. 16-0882, 2016 WL 1569689, at *2 (E.D. Pa. Apr. 18, 2016); *Duffy*, 1992 WL 151802, at *1) (internal quotations omitted) (giving less deference even to a non-resident plaintiff's choice of a neighboring forum in the same state). Moreover, Plaintiffs' decision not to oppose transfer means that this Court can, at most, only assume that the Eastern District of Pennsylvania remains their preferred venue.   *See id.* (resorting to "[a]ssuming" that the initial forum remained the plaintiff's preferred one after it failed to respond to a motion to transfer venue).   Further, despite the fact that this case relates to a Philadelphia automobile accident, a substantial portion of "the operative facts" occurred in New Jersey, where the contract giving rise to Plaintiffs' claim was formed.   *See id.* (considering under this first factor where the facts giving rise to the dispute occurred).   In light of these considerations, this factor weighs in favor of transfer.   *See id.* (finding on largely analogous facts that "this factor weigh[ed] in favor of transferring the case").

The Court next considers Defendant's preference to litigate in the District of New Jersey. Normally, a defendant's choice of forum "is entitled to considerably less weight than Plaintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005).   In this case, however, this concern does not apply because the relative inconvenience

6

of the parties will not change if the matter is transferred.   Plaintiffs will hardly be inconvenienced by litigating in their home district instead of a neighboring district.   On the other hand, Defendant, a Texas-based company, will likely find it equally inconvenient to litigate in either forum.   Because Defendant does not seek to shift the burden of litigating in an inconvenient venue from itself to Plaintiffs, its choice of forum counsels in favor of transfer.

The third consideration is where the claim arose.   Courts in this district have looked to the Restatement (Second) of Conflict of Laws § 188(2) to determine where a claim for bad faith handling of an uninsured motorist (UM) claim arose for purposes of venue transfer.   *Godfrey v. State Farm Mut. Ins. Co.*, No. 08-4813, 2009 WL 564636, at *7, 11 (E.D. Pa. Mar. 4, 2009) (citing Restatement (Second) Conflict of Law § 188(2)).   The non-exhaustive list of factors considered includes "(1) the place of contracting, (2) the place of negotiation of the contract, (3) the place of performance, (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties."   *Id.* (citing Restatement (Second) of Conflict of Laws § 188(2)).   An insurance contract is treated as being made in the place of delivery and, in the absence of countervailing evidence, delivery can be assumed to be the insured's residence.   *Wausau Ins. Co., Inc. v. Liguori*, Nos. 05-CV-2706, 05-CV-3678, 2006 WL 2588736, at *7 n. 7 (E.D. Pa. Sep. 7, 2006) (citing *Travelers Indem. Co. v. Fantozzi*, 825 F. Supp. 80, 84 (E.D. Pa. 1993)).   Here, the "NEW JERSEY STANDARD AUTO POLICY" was entered and negotiated in New Jersey to insure a vehicle registered in New Jersey to Plaintiff Dirvin, a New Jersey resident.   (NJ Auto Policy, ECF No. 1-3).   Thus, Plaintiffs' claims arose in New Jersey, supporting transfer of venue to its district court.

Fourth, the Court considers "the convenience of the parties as indicated by their relative physical and financial condition."   *Pa. Nat'l Mut. Cas. Ins. Co.*, 2024 WL 3696474, at *4.   As

noted, despite the proximity between the Eastern District of Pennsylvania and the District of New Jersey, it is arguably *more* convenient for Plaintiffs, and certainly no less so, if venue is transferred to their home district.    As for Defendant, "an insurance company with sufficient resources to litigate," it "has no apparent connection to either forum and would not be greatly inconvenienced by a transfer physically, nor financially." *Id.*    However, given the minimally greater convenience for Plaintiffs to litigate in New Jersey, this factor weighs slightly in favor of transfer.

Next, the Court considers "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879 (citation omitted).    No indication exists in this case that any witnesses would be available in the Eastern District of Pennsylvania but not the District of New Jersey, or vice versa.    This factor is therefore neutral.

Lastly among the private interests, the Court considers the location of the parties' books and records.    Although not apparent from the parties' submissions, "[t]here is no reason to believe that either party would be overly burdened in transferring their books and records to the . . . District of [New Jersey] or the Eastern District of Pennsylvania.    Therefore, this factor favors transfer." *Pa. Nat'l Mut. Cas. Ins. Co.*, 2024 WL 3696474, at *4; (*see also* Compl., ECF No. 1, at ¶ 20 (Plaintiffs averring that they have already provided Defendant with all relevant medical records)).

In short, the private interests in this case clearly favor transfer of venue to the District of New Jersey.    The Court now turns to the public interests.

## 2.    Public Interests

The first two public interests—enforceability of judgment and practicality of trial—are

8

neutral.   A judgment issuing from either district court will be equally enforceable, and no

practical considerations regarding the ease, expeditiousness or expense of trial sway in either

direction.   *See Maracco v. Kuder*, No. 08-713, 2008 WL 4192064, at *4 (D.N.J. Sept. 9, 2008)

(recognizing that these interests were equal between these two districts).

      Regarding the respective congestion of the dockets in the two districts, consideration of

this interest counsels in favor of keeping this matter in this district because it is less congested

than that of New Jersey.   *See Spector Gadon Rosen Vinci P.C. v. Aquilino*, No. 22-00905, 2024

WL 3792218, at *2 n.2 (E.D. Pa. Aug. 12, 2024) ("[t]he relative administrative challenges

resulting from court congestion [with the U.S. District Court of New Jersey] thus militate in

favor of keeping this matter in the Eastern District of Pennsylvania") (internal citation omitted)

(alterations in original).

      However, the next factor, the local interest in the case, suggests that it should be

transferred to the District of New Jersey.   As noted, this matter arises from a dispute over a

"NEW JERSEY STANDARD AUTO POLICY" entered and negotiated in New Jersey to insure

a vehicle registered in New Jersey to a New Jersey plaintiff.   (Compl., ECF No. 1, at ¶ 1; NJ

Auto Policy, ECF No. 1-3).   Plaintiff Coppolino and P.B.D. are also New Jersey citizens.

(Compl., ECF No. 1, at ¶¶ 1-3).   *See Godfry*, 2009 WL 564636, at *11 (observing that district

had a local interest in having an insurance case decided there where the plaintiff was a resident

and "several of the transactions giving rise to this action purportedly occurred in" that district).

Further, although the underlying accident leading to the dispute between the parties occurred in

the Eastern District of Pennsylvania, this district lacks a substantial local interest in resolving this

dispute between out-of-state parties about the handling of responsibilities under an out-of-state

contract.

The Court must also consider public policy considerations.   Here, the public policies of both Pennsylvania and New Jersey weigh in favor of transferring venue to the District of New Jersey.   As recognized by the Third Circuit, in Pennsylvania "the protection of insured parties is the primary public policy behind laws governing duties owed by an insurer to an insured . . . ." *Gen. Star Nat'l Ins. Co. v. Liberty Mut. Ins. Co.*, 960 F.2d 377, 379 (3d Cir. 1992).   However, this interest is limited to protecting *Pennsylvania* insureds, and the state has "little interest" in furthering this policy when, as is the case here, "all of the parties to th[e] litigation reside elsewhere, and the contract of insurance was presumably delivered in [another state]."   *Id.*; *see Thomson v. Prudential Prop. & Cas. Ins. Co.*, No. 91-4073, 1992 WL 38132, at *4 (E.D. Pa. Feb. 20, 1992) ("Pennsylvania has a great interest in protecting *its* residents from possible misconduct of insurance carriers operating within its borders.") (emphasis added); *see also Kilmer v. Conn. Indem. Co.*, 189 F. Supp. 2d 237, 246-47 (M.D. Pa. 2002) ("with regard to Pennsylvania's bad faith statute . . . 'the Pennsylvania legislature was concerned about protecting its own residents/insured from overreaching insurance companies'") (quoting *Celebre v. Windsor-Mount Joy Mut. Ins. Co.*, No. 93-5212, 1994 WL 13840, at *2 (E.D. Pa. Jan. 14, 1994)). Further, New Jersey has indicated a public policy interest in protecting New Jersey insureds by requiring insurers operating in the state to offer a minimum amount of UM coverage.   *See* N.J.S.A. 17:28–1.1(a)(2).   Because the insurance policy at the center of this dispute was issued in New Jersey to New Jersey residents, public policy considerations weigh in favor of transfer.

The final public interest consideration is the two districts' relative knowledge of the applicable law.   Although the court that decides this matter should also determine what law applies, an initial consideration "is whether the parties explicitly or implicitly have chosen the relevant law."   *See Assicurazioni Generali, S.P.A. v. Clover*, 195 F.3d 161, 165 (3d Cir. 1999)

10

(applying Restatement of Conflict of Law § 187).    Even where no explicit choice has been made, "a contract's references to the laws of a particular state may provide persuasive evidence that the parties to the contract intended for that state's law to apply."    *Assicurazioni*, 195 F.3d at 165 (citing Restatement of Conflict of Law § 187 cmt. a).    Here, the insurance contract states in capital letters that it is a "NEW JERSEY STANDARD AUTO POLICY," suggesting that the parties may have intended the law of that state to govern.    *See id.* at 164 (insurance endorsement title referring to Indiana in large, capital letters, *inter alia*, indicated that the parties had chosen Indiana law).

Moreover, New Jersey law potentially applies based on the contract's relationship to that state.    *See Godfry*, 2009 WL 564636, at *7 (citing Restatement of Conflicts of Law § 188(2)). As discussed above for the private interest factor regarding where the claim arose, *see supra* § III.B.1, the policy was entered and negotiated in New Jersey to insure a New Jersey plaintiff's vehicle registered in New Jersey.    (NJ Auto Policy, ECF No. 1-3); *see Godfry*, 2009 WL 564636, at *7, 11 (conducting same analysis for these factors).    Because New Jersey law may apply pursuant to either § 187 or 188, this factor weighs in favor of transfer to the District of New Jersey, where the judges presumably have greater knowledge of that state's law.    *See Bonnette v. Hartford Fire Ins. Co.*, No. 22-4834, 2023 WL 2285821, at *3 (E.D. Pa. Feb. 28, 2023) (noting that "New Jersey courts . . . are more knowledgeable at interpreting . . . New Jersey uninsured motorist endorsements" than is the Eastern District of Pennsylvania).

Overall, the public interests also favor transfer of venue.    Therefore, the Court grants Defendant's cross-motion to re-venue this case in the District of New Jersey.

### C.    Motion for Leave to Amend

Plaintiff has filed a Motion for Leave to Amend to add a bad faith claim against

11

Defendant.   (Mot. to Amend., ECF No. 21).   However, as discussed above, this matter should be transferred to the District of New Jersey.   It follows that that court should also rule upon Plaintiffs' motion instead of this Court determining which claims should proceed in a matter it is no longer handling.   *See Grynberg v. Goldman Sachs Group, Inc.*, No. 12-3525, 2013 WL 1192585, at *5 (D.N.J. Mar. 22, 2013) (denying a motion to amend without prejudice to allow movant to file in the transferee court); *see also Garcia v. Chrysler Group LLC*, No. 12-cv-1797, 2015 WL 12857080, at *5 (D.N.J. Mar. 9, 2015) (denying without prejudice a motion to amend to allow the transferee court to refer the case to the bankruptcy court in that district to interpret a Sale Order issuing from the bankruptcy court).   Accordingly, the Court denies Plaintiff's motion without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's cross-motion is GRANTED.   Because the case will be transferred, Plaintiffs' motion to amend is DENIED without prejudice.

An appropriate Order follows.

BY THE COURT:


    /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

12